IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>LTC HOLDINGS, INC., *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 14-11111 (BLS)<br>(Substantively Consolidated)<br><br>Hearing Date: July 6, 2022 at 9:00 a.m.<br>Obj. Deadline: June 29, 2022 at 4:00 p.m. |

**MOTION OF CHAPTER 7 TRUSTEE FOR ORDER APPROVING AN INTERIM DISTRIBUTION TO BMO HARRIS BANK N.A. PURSUANT TO 11 U.S.C. §§ 105 AND 726 AND FED. R. BANKR. P. 3009**

Alfred T. Giuliano (the "Trustee"), the chapter 7 trustee for the substantively consolidated estates (the "Estates") of LTC Holdings, Inc., *et al.* (the "Debtors"), by and through his attorneys, Fox Rothschild LLP, respectfully requests the entry of an order approving an Interim Distribution (as defined below) of Proceeds (as defined below) from BMO Collateral (as defined below) to BMO Harris Bank, N.A. ("BMO") pursuant to 11 U.S.C. §§ 105 and 726 and Fed. R. Bankr. P. 3009 (the "Motion"). In support of the Motion, the Trustee states as follows:

## JURISDICTION

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2. Venue of this proceeding and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] The Debtors in these cases, along with the last four digits of their federal tax identification numbers are (i) LTC Holdings, Inc. (3283) (Case No. 14-11111); (ii) LTCCORP, Inc. (1361) (Case No. 14-11112); (iii) LTCCORP Government Services, Inc. a/k/a Lakeshore Toltest Corporation; LTC (2894) (Case No. 14-11113); (iv) LTCCORP Government Services-MI, Inc. a/k/a Lakeshore Engineering Services, Inc.; Lakeshore Group; LTC Corp Michigan; LTC Michigan (8977) (Case No. 14-11115); (v) LTCCORP Government Services-OH, Inc. a/k/a TolTest, Inc.; LTC; LTC Ohio; LTC Corp; LTC Corp Ohio (1985) (Case No. 14-11116); and (vi) LTCCORP E&C Inc. (6406) (Case No. 14-11117).

The statutory predicates for the relief sought herein are Sections 105 and 726 of Title 11 of the United States Code (the "Bankruptcy Code") and Fed. R. Bankr. P. 3009.

## BACKGROUND

A. **Bankruptcy Procedural History**

3. On May 2, 2014 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code.

4. On or about May 2, 2014, the Office of the United States Trustee appointed the Trustee as chapter 7 trustee, which appointment remains in effect.

5. By Order entered on May 14, 2014, this Court consolidated the Debtors' cases, for procedural purposes only, and ordered the joint administration of the Debtors' cases pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1 (the "Joint Administration Order"). [D.I. 17].

B. **Debtors' Business Operations and Grant Of a Security Interest to BMO in Substantially All Of the Debtors' Personal Property, With The Exception Of The Excluded Assets and Potentially The Foreign Assets**

6. Prior to the Petition Date, the Debtors were in the business of providing general contracting services for large construction projects, and entered into numerous contracts and task orders (the "Contracts") with various agencies of the United States, municipal government agencies, commercial clients, oil and gas clients, and the United States Department of Defense, to provide certain goods and services including, but not limited to, the following:

    a. construction services, including construction management, military contracting, infrastructure construction, airfield construction, electrical construction, marine construction, historical renovation, demolition/deconstruction, and sustainability;

    b. environmental services, including remediation and restoration, compliance, waste management, decontamination, demolition, decommissioning, and green demolition; and

      c.      energy services, including projects to conserve electricity, promote recycling, store bulk fuels, and support gas and oil field exploration and delivery.

(the "Projects").

7.      BMO extended credit to the Debtors on the terms and conditions set forth in that certain Credit Agreement, dated May 29, 2013 (as amended, the "Credit Agreement"), by and among Debtor LTCCORP Government Services, Inc., as borrower, Debtor LTC Holdings, Debtor LTCCORP Government Services-MI, and Debtor LTCCORP Government Services-OH, Inc., as guarantors, and BMO as lender and administrative agent (all as defined in the Credit Agreement).

8.      Also, on May 29, 2013, Debtor LTCCORP Government Services, Inc., Debtor LTC Holdings, Debtor LTCCORP Government Services-MI, and Debtor LTCCORP Government Services-OH, Inc., made, executed and delivered to BMO that certain Security Agreement (the "Security Agreement"), granting BMO a first priority lien upon and security interest in substantially all of the Debtors' personal property, with the exception of the Excluded Assets (as defined in the MOU)[2] and potentially the Foreign Assets (as defined in the MOU)[3] (the "BMO Collateral").

---

[2] "Excluded Assets" are defined in the MOU as follows:

    [1] titled vehicles, [2] that certain real property located at 5826 Baldwin Lane, Williston, ND 58801, [3] equity interests owned by the Debtors (except those which have been pledged to BMO and as to which BMO has possession of any stock certificates and/or certified membership interest), [4] any claims, litigation rights, or causes of action pursuant to sections 544, 545, 547, 548, and 550 of the Bankruptcy Code (except to the extent that claims, litigations rights, or causes of action asserted under chapter 5 of the Bankruptcy Code call for recovery of BMO Collateral), and [5] tort claims (collectively, the "Excluded Assets").

MOU at 2.

[3] "Foreign Assets" are defined in the MOU as "personal property of the Debtors located in foreign jurisdictions." MOU at 2.

### C.     On July 2, 2014, The Trustee, BMO, and Benesch Entered Into The MOU

9.      On July 2, 2014, the Trustee, the law firm of Benesch, Friedlander, Coplan & Aronoff LLP ("Benesch"), and BMO entered into the Memorandum of Understanding (the "MOU") which contains, among other things, a comprehensive settlement between the Trustee and BMO (the Debtors' pre-petition lender) regarding BMO's rights in, and liens on, the BMO Collateral, and the allocation of any proceeds received by the Trustee on account of any sales of the BMO Collateral.

10.     On July 3, 2014, the Trustee filed the Motion for Order Approving the MOU by and between the Chapter 7 Trustee, Benesch, and BMO, Pursuant to Fed. R. Bankr. P. 9019 (the "MOU Motion"). [D.I. 110].

11.     On August 15, 2014, the Trustee filed a Supplement of the Motion to approve the MOU (the "Supplement to MOU Motion"). [D.I. 160].

12.     On September 8, 2014, this Court entered an Order Granting the MOU Motion and Approving the MOU between the Trustee, Benesch, and Linklaters (the "MOU Order"). [D.I. 196]. A copy of the MOU was attached to the MOU Order as Exhibit "A", and is reattached hereto for the Court's convenience as **Exhibit "A"** and incorporated by reference herein.

13.     As set forth in the MOU, with respect to the BMO Collateral, the Estates are entitled to receive "ten percent (10%) of (y) any collections actually received by the Trustee and/or the Estates in respect of the BMO Collateral. . . including any collections or recoveries on account of the AIG Claims, the Evergreen Claims or the Tax Refund Claims that are asserted under chapter 5 of the Bankruptcy Code call for recovery of BMO Collateral, after payment of (z) all Trustee Fees and Expenses (as defined below) and BMO Claim Fees and Expenses (as defined below)."

See **Exhibit "A"**, MOU at 3.

      **D.**    **The Trustee's Recovery of the BMO Collateral and the Calculation of the Ten Percent (10%) Amount That The Estates Are Entitled to Receive and Ninety Percent (90%) Amount That BMO Is Entitled to Receive From The Proceeds of the BMO Collateral**

14.    As set forth above, for purposes of calculating the ten percent (10%) amount that the Estates are entitled to receive and the ninety percent (90%) amount that BMO is entitled to receive from the Proceeds of the BMO Collateral, there shall be subtracted from the proceeds all Trustee Fees and Expenses.

15.    In connection with the BMO Collateral, the Trustee received $363,833.72 of funds from BMO accounts.

16.    Additionally, in connection with sale of vehicles and equipment, the Trustee generated $183,659.94 of proceeds.

17.    In connection with the sale of the Debtors' rights and interest in certain contracts, the Trustee generated $75,000.00 of proceeds.

18.    In connection with the proceeds from litigation actions and the collection of accounts receivable, the Trustee generated $3,520,204.10.

19.    Lastly, in connection with proceeds received from tax refunds, the Trustee recovered $5,557,418.30 in proceeds.

20.    In summary, the Trustee received $9,700,116.06 in proceeds (the "Gross Proceeds") from the BMO Collateral.

21.    The Trustee Fees and Expenses incurred in connection with the collection of the Gross Proceeds from the BMO Collateral, including the Trustee's commission, totaled $3,155,538.04, thereby reducing the Gross Proceeds to $6,544,578.02.

22.    The Debtors' Estates and the Trustee are entitled to receive $654,457.80.

23. BMO is entitled to receive $5,890,120.22, less a prior disbursement to BMO of $415,798.88, for a total of $5,474,321.34 (the "Proceeds").

E. **Previously Approved Fees & Expenses To Be Paid to GMCO by BMO**

24. On November 10, 2017, the Trustee filed the Application of Giuliano Miller and Company, LLC ("GMCO") for First Interim Compensation for Services Rendered and Reimbursement of Expenses as Accountants and Financial Advisors to the Trustee for the Period of May 5, 2014 through September 30, 2017 (the "GMCO Fee Application") [D.I. 1193].

25. On March 6, 2018, the Bankruptcy Court entered an Order Allowing First Interim Compensation for Services Rendered and Reimbursement of Expenses as Accountants and Financial Advisors to the Trustee for the Period May 5, 2014 through September 30, 2017 (the "GMCO Fee Order") [D.I. 1226].

26. As set forth in the GMCO Fee Order, BMO was directed to pay to GMCO the allowed interim compensation of $33,372.00 and allowed reimbursed expenses of $8,059.27 (the "GMCO Funds"), which amounts are related to the Weatherford litigation.

27. To date, BMO has not paid GMCO the GMCO Funds.

F. **Proposed Interim Distribution**

28. BMO has requested that the Trustee issue an interim distribution of the Proceeds from the BMO Collateral. The Trustee is proposing to make a total interim distribution of $4,926,889.20 (the "Interim Distribution"), which represents ninety percent (90%) of the Proceeds from the BMO Collateral.

29. The GMCO Funds in the amount of $41,431.27 will be paid from the Interim Distribution to GMCO.

30. As a built-in-safeguard, the Trustee is holding back $547,432.13 of the Proceeds

from the BMO Collateral as a cushion to pay any remaining unpaid administrative expenses and continuing professional fees and expenses.

## RELIEF REQUESTED

31. By this Motion, the Trustee is seeking the entry of an order authorizing the Trustee to make the Interim Distribution to BMO pursuant to 11 U.S.C. §§ 105 and 726 and Fed. R. Bankr. P. 3009.

## BASIS FOR RELIEF

32. Section 105 of the Bankruptcy Code and Fed. R. Bankr. P. 3009 supports the Trustee's reasonable proposal to make the Interim Distribution. Bankruptcy Rule 3009 states that "[i]n a chapter 7 case, dividends to creditors shall be paid as promptly as practicable." Fed. R. Bankr. P. 3009. Pursuant to 11 U.S.C. § 105, this Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105.

33. Additionally, pursuant to 11 U.S.C. § 726(a)(2), the Trustee has the authority to make the requested Interim Distribution. 11 U.S.C. § 726(a)(2) provides, in pertinent part: "property of the estate shall be distribution . . . in payment of any allowed unsecured claim, other than a claim of a kind specified in paragraph (1), (2), or (4) of this subsection, proof of which is – (a) timely filed under section 501(a) of this title; (B) timely filed under section 501(b) or 501(c) of this title . . ." 11 U.S.C. § 726(a)(2).

34. The Trustee believes that it is appropriate to make the Interim Distribution to BMO at this point in time. The Trustee has over $10 million of funds on-hand and not subject to any dispute or appeal. There are more than sufficient funds in the Debtors' estates to make the proposed Interim Distribution. Additionally, there are sufficient funds being withheld from the Interim Distribution to pay any remaining unpaid administrative expenses and professional fees

and expenses.

35. In the absence of the relief sought herein, BMO will continue to wait for any distribution until the Trustee files his Final Report and that Final Report is approved by this Court. Prior to filing the Trustee's Final Report, the Trustee must accomplish the following remaining things:

    a. Review of claims;

    b. Seek and obtain approval of final fee applications; and

    c. Obtain approval of the Final Report.

36. The Trustee believes the Interim Distribution is prudent. The Interim Distribution will immediately reduce the cost of the bond covering the Estates' assets. The Trustee is not distributing all of the funds in the Estates at this time. In sum, given the request by BMO, and the uncertain timing as to the approval of the final distribution, the Trustee respectfully requests that this Court grant the relief requested in the Motion and permit the Trustee to issue the proposed Interim Distribution.

## **NOTICE**

37. Notice of this Motion has been provided to: (a) the Office of the United States Trustee for the District of Delaware; (b) counsel to the Debtors; (c) counsel to the Debtors' secured creditors; (d) those persons who have requested notice pursuant to Bankruptcy Rule 2002; and (e) in accordance with this Court's July 2, 2014 *Order Pursuant to 11 U.S.C. §§ 102 and 105(a) and Fed. R. Bankr. P. 2002(m) and 9007 Establishing Notice and Service Procedures* [D.I. 105]. The Trustee submits that no further notice is required.

## CONCLUSION

WHEREFORE, the Trustee respectfully requests that this Court enter an Order: (i) approving the Motion; (ii) authorizing the Trustee to make the proposed Interim Distribution; and (iii) for other relief as is just and proper.

**FOX ROTHSCHILD LLP**

By: */s/ Seth A. Niederman*
   Seth A. Niederman (No. 4588)
   919 North Market Street, Suite 300
   Wilmington, DE 19899-2323
   Phone (302) 654-7444/Fax (302) 656-8920
   sniederman@foxrothschild.com
       -and-
   Michael G. Menkowitz
   Jason C. Manfrey
   2000 Market Street, 20th Floor
   Philadelphia, PA 19103-3222
   Phone (215) 299-2000/Fax (215) 299-2150
   mmenkowitz@foxrothschild.com
   jmanfrey@foxrothschild.com

Dated: June 7, 2022

Attorneys for Alfred T. Giuliano, Chapter 7 Trustee for the estates of LTC Holdings, Inc., *et al.*